MATTER OF BAGAI

In DEPORTATION Proceedings

A-6337929

*Decided by Board August 12, 1964*

The 10-year period of physical presence and good moral character "immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation," required to establish eligibility for suspension of deportation under section 244(a)(2), Immigration and Nationality Act, as amended, begins to run from the time an alien first became deportable [*Fong v. Immigration and Naturalization Service*, 308 F. 2d 191 (C.A. 9, 1962)] [*Matter of V—R—*, 9 I. & N. Dec. 340 overruled, in part.]

CHARGES:

Warrant: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1) (1958)]—Excludable at entry—No visa.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1) (1958)]—Excludable at entry—No permission to reapply.

Act of 1952—Section 241(a)(5) [8 U.S.C. 1251(a)(5) (1958)]—Failed to report address.

The question presented by the special inquiry officer is whether the 10 years "immediately following the commission of an act, or assumption of a status, constituting a ground for deportation" begins to run from the time an alien first became deportable or last became deportable. Respondent first became deportable by reentering illegally in 1952 and last became deportable by failing to report his address in January 1955.

Respondent a 37-year-old divorced male, last a native and citizen of Roumania and allegedly stateless entered the United States illegally in 1946. He was ordered deported; he is considered as having deported himself when he departed from the United States to Mexico on a short visit while in uniform in 1951. He last reentered illegally after a visit to Mexico in January 1952.

In 1955, respondent was placed under deportation proceedings on the grounds that he was without the proper documents at the time of his reentry in January 1952, that he had not been granted permission

to reapply for admission after his deportation, and that he had failed to furnish notification of his address in January 1955. He was ordered deported on all charges.

Respondent applied for suspension of deportation; on May 26, 1964, the special inquiry officer entered an order granting his application. The special inquiry officer found that the respondent had established that 10 years elapsed since he first became deportable and that he had the residence and character required during the necessary 10-year period. The special inquiry officer fixed the commencement of the 10-year period from the time the "respondent first became deportable"—respondent's return without documents or permission to reapply in January 1952. In selecting January 1952, when respondent first became deportable, as the beginning of the 10-year period rather than January 1955, when respondent last became deportable, the special inquiry officer relied upon *Louie King Fong* v. *Immigration and Naturalization Service*, 308 F. 2d 191 (9th Cir., 1962). After his order was served, the special inquiry officer became aware of the conflict between his decision and a Board precedent (*Matter of V—R—*, 9 I. & N. Dec. 340) which stated that the 10-year period starts with the time of the last commission of the act making the alien deportable rather than the first commission of the act. The special inquiry officer thereupon certified the case to the Board for final decision.

In *Louie King Fong*, the circuit court carefully considered the specific problem as to whether the first or last deportable act was to constitute the basis for computing continuous residence in the United States for suspension of deportation; therefore, despite a recent statement to the contrary (*Krug* v. *Pederson*, N.D., Ohio, C62-376, June 24, 1964, the court by way of dicta stated that the 10-year period ran from the time of the last failure to furnish an address report), we believe the circut court's ruling must control. *Matter of V—R—*, 9 I. & N. Dec. 340, is overruled insofar as it is inconsistent with the decision of the circuit court concerning the basis for computing the commencement of the period for which residence and good moral character must be established in suspension of deportation cases.

We shall return the case to the jurisdiction of the special inquiry officer so that he may make such amendment as may be necessary in his order submitting the case for suspension of deportation.

ORDER: It is ordered that the case be returned to the special inquiry officer for such further action as is consistent with what we have stated in our opinion.